**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EFREN GARCIA LOPEZ,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Civil Action No. 26-9378 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Efren Garcia Lopez's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Second Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention and seeking a stay of removal. (ECF No. 1.) Respondents ("Government") filed an opposition to the Petition (ECF No. 6) and Petitioner replied (ECF No. 8). The Court has considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Second Petition is **DENIED**.

## I. BACKGROUND

In its Opinion denying Petitioner's first petition for writ of habeas corpus ("First Petition"), the Court summarized the facts as follows:

> Petitioner, a Mexican native, unlawfully entered the United States in 2002. In February 2022, an Immigration Judge ("IJ") granted Petitioner voluntary departure by June 6, 2022. The IJ indicated the Government determined Petitioner was subject to removal and Petitioner applied for "voluntary departure in lieu of removal." The decision also informed Petitioner that if he failed to depart as

> required, the voluntary departure would be withdrawn without further notice, and an order of removal would become immediately effective. (*Id.*)
>
> In the [First] Petition, Petitioner failed to acknowledge the grant of voluntary departure; however, in his reply, Petitioner concedes that he failed to depart from the United States by the July 7, 2022, deadline. When Petitioner failed to depart on July 7, 2022, his voluntary departure automatically converted to a final order of removal.
>
> Years later, on June 27, 2026, immigration authorities arrested Petitioner on an administrative warrant of removal. Petitioner has been detained pursuant to a final order of removal since then.

*Garcia Lopez v. Soto*, No. 26-7908, 2026 WL 2124073, at *1 (D.N.J. July 23, 2026).

On June 29, 2026, Petitioner filed the First Petition, arguing that the Government may not detain him under 8 U.S.C. § 1225(b)(2), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* On July 23, 2026, following briefing from the parties, the Court denied the First Petition, finding Petitioner is detained under a final order of removal pursuant to 8 U.S.C. § 1231(a) and that any challenge to his ongoing detention was premature. *Id.* at *2.

The following day, on July 24, 2026, Petitioner filed the Second Petition. (Second Pet., ECF No. 1.) Petitioner seeks to stay his removal to maintain the status quo while litigating a newly filed Motion to Reopen with the Executive Office for Immigration Review ("EOIR"). (*See generally id.*) Petitioner also challenges his ongoing detention without a post final order custody determination. (*Id.*) Respondents answer (ECF Nos. 7, 8) and Petitioner replied (ECF No. 9).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to

hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner has the burden of showing he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In his Second Petition, Petitioner requests the Court enjoin his removal pending the outcome of his EOIR proceedings. (*See generally* Second Pet.) In light of his pending Motion to Reopen with EOIR, Petitioner also challenges his ongoing detention without a custody determination. (*Id.*)

### A. Request for Injunction

Petitioner first requests that the Court "preserve the status quo" and issue an order preventing his transfer from New Jersey and his removal from the country, while his Motion to Reopen with the EOIR remains pending. (*Id.* at 3.)

8 U.S.C. § 1252(g) of the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over Petitioner's request that the Court enjoin his removal from the United States because, in essence, Petitioner seeks judicial review of ICE's decision to execute his final order of removal. § 1252(g) specifically provides "no court shall have jurisdiction to hear any . . . claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [non-citizen]." *Id.* This includes any decision or action to "perform or complete" a removal. *Tazu v. Attorney General United States*, 975 F.3d 292, 298 (3d Cir. 2020). To perform or complete a removal, "the Attorney General must exercise his discretionary power to detain" a non-citizen. *Id.* As a result, district courts throughout the country have found § 1252(g) bars them from staying removal, even when the court might otherwise have jurisdiction over the claims. *See, e.g.*, *Mateo L. A. v. Nielson*, No. 19-6609, 2019 WL 1003408, at

*2 (D.N.J. Feb. 28, 2019) (collecting cases); *see also Fermin v. United States*, No. 17-1862, 2018 WL 623645, at *3 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order or a request for a stay of that Order could be entertained only by the Court of Appeals.").

Accordingly, this Court lacks jurisdiction to stay Petitioner's order of removal or otherwise hear a challenge to that order.

**B. Challenge to Ongoing Detention**

Considering his pending Motion to Reopen, Petitioner next requests release or a custody review. (Second Pet. at 3.)

In the First Petition, the Court found any claim challenging Petitioner's ongoing detention was premature, stating:

> Immigration and Customs Enforcement ("ICE") is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas*, the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).
>
> Petitioner's detention—measured from his June 27, 2026 detention—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

*Garcia Lopez*, 2026 WL 2127403, at *2.

Petitioner contends he is not asking the Court to "revisit" its prior determination; rather he "seeks narrowly tailored relief preserving the status quo so that EIOR may process and adjudicate the [Motion to Reopen] and so that this Court may meaningfully consider the revised habeas petition." (TRO Mot. at 4, 7, ECF No. 2.) But Petitioner does challenge the length of his continued

detention under § 1231(a). Counts One and Two of the Second Petition argue that detaining Petitioner without accounting for his newly filed Motion to Reopen or reviewing whether confinement remains necessary violates his due process rights. (Second Pet. at 10–12.) Count Three seeks to "preserve meaningful administrative and habeas review." (*Id.* at 12.) Count Four argues that his custody does not comply with ICE's own procedures, violating the Administrative Procedure Act and *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). (*Id.* at 13.) Count Five seeks to prevent Petitioner's transfer outside this judicial district. (*Id.* at 13–14.)

As explained above, as Petitioner has been not detained for at least six months, his challenge to his ongoing detention was premature. *Garcia Lopez*, 2026 WL 2127403, at *2. Counts One, Two, and Four of the Second Petition challenge Petitioner's ongoing detention without a determination by the Government that detention is necessary. (Second Pet. at 10–12, 13.) Although Petitioner now has a Motion to Reopen pending with the EOIR, that Motion does not stay his removal order. 8 C.F.R. § 1003.23(b)(1)(v) ("[T]he filing of a motion to reopen or a motion to reconsider [does] not stay the execution of [an order of removal or deportation].") As such, Petitioner remains detained pursuant to a final order of removal. Petitioner was detained on June 27, 2026, and is well within the six-month presumptively reasonable timeframe. *See Zadvydas*, 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention). Accordingly, Petitioner's challenges to his ongoing detention without a post-order custody determination remains premature.

## IV. CONCLUSION

For the reasons set forth above, the Second Petition (ECF No. 1) is **DISMISSED *without prejudice***. An appropriate Order accompanies this Opinion.

**DATED: 10/1/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**